```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:09CV447-MU-02
```

| | |
|---|---|
| DANDY DEWIGHT SANDERS,   )<br>    Plaintiff,         )<br>                       )<br>     v.            )<br>                       )<br>(FNU) DAVIS, Sergeant at )<br>  Cleveland County Jail; )<br>CRYSTAL EARLY, Nurse at  )<br>  the Cleveland County   )<br>  Jail;                   )<br>PHYLLIS SIMMS, Captain at)<br>  the Cleveland County   )<br>  Jail;                   )<br>RAYMOND HAMRICK, Sheriff )<br>  Cleveland County Jail; )<br>  and                     )<br>DANNY GORDON, Chief Depu-)<br>  ty at the Cleveland    )<br>  County Jail,           )<br>    Defendants.         )<br>_____) | <br><br><br><br><br><br><br><br><br><br><br>**<u>O R D E R</u>** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed December 10, 2009 (document # 1); and on his Motion for Appointment of Counsel, filed January 5, 2010 (document # 7).

By his Complaint, Plaintiff alleges that in February 2009, he was housed with an individual who took his meals and threatened to harm him physically if he told about the incidents. Plaintiff claims that on an occasion, he wrote a request to Defendant Davis, explaining the situation with his cell mate and asking to

be moved to another cell; however, Plaintiff reportedly did not receive any response to his request. Approximately one week after submitting his request, Plaintiff allegedly was attacked and seriously beaten by his cell mate.

Plaintiff was treated at an outside hospital for his injuries. During his visit with the attending physician, Plaintiff advised of the Jail's practice of taking mattresses from inmates who were involved in altercations, and he explained his fear of how that might exacerbate his pre-existing herniated disc condition. In response, the physician reportedly included in his discharge order a directive, because of his back problem, that Plaintiff's mattress not be taken away from him. Notwithstanding that directive, Plaintiff alleges that his mattress was taken, and his repeated complaints and grievances seeking the return of the mattress were denied by Defendants Davis, Early, Gordon and Sims.

As a result of the injuries sustained in the attack by his cell mate, Plaintiff alleges that he suffers migraine headaches, blurred vision and memory loss; and that as a result of having to sit and sleep on steel and concrete for 26 days without his mattress, he has suffered irritation and pain in his lower back. Plaintiff alleges that Defendants conduct violated his constitutional rights in that they were deliberately indifferent to the risk of harm posed by his cell mate, and to the risk of harm for

greater injury posed by their confiscation of his mattress.

By way of relief, Plaintiff is seeking monetary damages as well as declaratory judgments. In any case, although it is not clear that Plaintiff is entitled to relief as requested, it is more than apparent that he has alleged facts which are sufficient to survive this Court's initial frivolity review. Therefore, Defendants will be directed to answer Plaintiff's allegations.

On the other hand, however, Plaintiff's Motion for Appointment of Counsel must be <u>denied</u>. To begin, there is no absolute right to appointment of counsel; therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to request an attorney to represent an inmate who is unable to afford counsel. <u>Miller v. Simmons</u> 814 F.2d 962, 966 (4th Cir. 1987); <u>see also</u> 28 U.S.C. § 1915(e)(1). Exceptional circumstances may exist where "a <u>pro se</u> litigant has a colorable claim but lacks the capacity to present it." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds by</u> <u>Mallard v. U.S. Dist. Ct.</u>, 490 U.S. 296, 298 (1989). Likewise, exceptional circumstances may exist where the <u>pro-se</u> litigant's complaint "present[s] complex legal issues." <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 205 (2d Cir. 2004), <u>quoted in</u> <u>Williams v. Collier</u>, 2009 WL 2171236 *3 (July 22, 2009).

In the instant case, Plaintiff's allegations do not present complex legal issues. Furthermore, Plaintiff's pleading reflects

that he is articulate, and is quite capable of adequately presenting his claims to this Court. Therefore, Plaintiff's Motion for Appointment of Counsel will be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (document # 7) is **DENIED**.

2. The Clerk shall prepare and issue process in this matter, and shall deliver the same to the U.S. Marshal.

3. The U.S. Marshal shall serve Defendants with process.

4. Defendants shall respond to Plaintiff's allegations as set forth in his Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: January 8, 2010

Graham C. Mullen
United States District Judge