IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv447-RJC

| | |
|---|---|
| DANDY DEWIGHT SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER and NOTICE** |
| SERGEANT DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on the following motions:

(1) Defendants Davis, Sims, Gordon and Hamrick's Motion for Summary Judgment (Doc. No. 25);

(2) Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 27);

(3) Plaintiff's de facto motion to supplement his response in opposition to Defendants Davis, Sims, Gordon and Hamrick's Motion for Summary Judgment (Doc. No. 28);

(4) Defendant Early's Motion for Protective Order (Doc. No. 32); and

(5) Defendant Early's Motion for Summary Judgment (Doc. No. 34).

The record reflects that on December 10, 2009, Plaintiff filed a civil rights Complaint against Sergeant Mark Davis, Captain Phyllis Sims, Chief Deputy Danny Gordon, and Sheriff Raymond Hamrick, all of the Cleveland County Sheriff's Office, and against Crystal Early, a nurse at the Cleveland County Jail who was employed by Southern Health Partners. (Doc. No. 1 at 3). Such Complaint alleges that in February 2009, Plaintiff was a pre-trial detainee at the

Cleveland County Jail Annex; that Defendant Davis failed to protect him from an assault committed on February 15, 2009, by Plaintiff's cellmate, Anthony Hopper; that such assault occurred after Defendant Davis failed to respond to a written complaint which Plaintiff sent to Defendant Davis on February 9, 2009, reporting problems with Hopper and requesting a transfer to another cell; that Defendant Early was deliberately indifferent to Plaintiff's serious medical needs when she failed to honor a private doctor's instructions that Plaintiff's mattress not be confiscated and instead allowed Plaintiff to be placed on lockdown without a mattress for twenty-six days, resulting in the exacerbation of his pre-existing back condition; and that Defendants Gordon, Sims and Davis met with Plaintiff's mother concerning the return of his mattress but denied her request. (Id. at 4-5).

On January 29, 2010, Defendants Davis, Sims, Gordon and Hamrick filed an Answer in which they admit that Plaintiff was a detainee during the period in question; that on February 15, 2009, Plaintiff had an altercation with inmate Hopper, after which both inmates were taken to the local hospital; that Plaintiff was placed on lockdown status during which time he lost his mattress privileges; that Plaintiff wrote an inmate request asking for the return of his mattress; and that Defendants Davis, Sims and Gordon met with Plaintiff's mother concerning her request that Plaintiff be taken off lockdown status. (Doc. No. 16 at 1-3). However, Defendants deny that Plaintiff ever made a request to be moved to another cell because he feared for his safety; that the attending physician told the custodial officer anything about Plaintiff having a back injury; or that Plaintiff ever asked Defendants to honor the doctor's instructions concerning his access to his mattress. (Id. at 2-3). Defendants also deny the remaining allegations in Plaintiff's Complaint. (Id. at 1-3).

On February 16, 2010, Defendant Early filed her Answer admitting that Plaintiff was taken to the emergency room on February 15, 2009, after being involved in an altercation with another inmate. (Doc No. 16 at 2). However, Defendant Early denies the remaining allegations in the Complaint. (Id. at 1-3).

On June 8, 2010, Defendants Davis, Sims, Gordon and Hamrick filed a Motion for Summary Judgment. (Doc. No. 25). Such Motion asserts various defenses to Plaintiff's allegations, including that his claims are barred under the Prisoner Litigation Reform Act for his failure to exhaust his administrative remedies, and that even if Plaintiff's rights were violated, the Defendants are entitled to qualified immunity. (Doc. No. 5-16).

On June 17, 2010, Plaintiff filed a document captioned as a Motion to Deny Defendants' Motion For Summary Judgment. (Doc. No. 27). However, such Motion does not seek any affirmative relief but merely opposes Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's Motion will be dismissed as a motion, and the Court will construe the motion and arguments therein as a response in opposition to Defendants' Motion for Summary Judgment.

On June 29, 2010, Plaintiff filed an uncaptioned document asking the Court to accept his copies of three grievances which he reportedly filed concerning his bunk assignment, the confiscation of his mattress, and his requests for medical treatment, along with a letter which Plaintiff wrote to his mother. (Doc. No. 28 at 2-11). Inasmuch as Defendants have not objected to Plaintiff's de facto motion to supplement his response in opposition to their Motion for Summary Judgment, Plaintiff's motion will be granted.

On July 2, 2010, Defendant Early filed a Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, asking the Court to stay the time in which she must respond to Plaintiff's first set of interrogatories until after the Court determines whether

3

Defendants' qualified immunity defense relieves them of liability for Plaintiff's claims. (Doc. No. 32).

Rule 26(c) of the Federal Rules of Civil Procedure provides that "a party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Furthermore, the Fourth Circuit has indicated that district courts are required to rule on questions of qualified immunity before allowing discovery, see, e.g., Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. July 11, 2005) (unpublished) (citing Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)). Thus, there is good cause for Defendant Early's Motion.

However, Defendant Early's Motion does not contain the required certification regarding her efforts to resolve this matter without Court intervention. Accordingly, the Court will deny the Motion for Protective Order without prejudice to Defendant Early's right to re-file it with the appropriate certification.

Finally, on July 19, 2010, Defendant Early filed her Motion for Summary Judgment. (Doc. No. 34). All of Defendants' Motions for Summary Judgment are accompanied by various exhibits, including sworn Declarations and an Affidavits in support of the Motions. (Doc. Nos. 25-2 through 25-8 and 36). Although Plaintiff already has filed responses to Defendants' Motions for Summary Judgment (Doc. Nos. 27 and 37), those responses are not accompanied by sworn declarations or affidavits.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (2010):

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A material fact is one that could lead to judgment in favor of one party or another. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party may assert that a fact is genuinely disputed, or cannot be genuinely disputed, by submitting certain materials to the Court. Fed. R. Civ. P. 56(c) (copy of entire Rule attached to this Order). These materials include documents, declarations, and affidavits. Id. A declaration is a written statement subscribed as true under penalty of perjury. 28 U.S.C. § 1746. An affidavit is a written statement sworn before a notary public. Black's Law Dictionary, 62 (3th ed. 2004). Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se, of the heavy burden that he carries in responding to Defendants' Motions for Summary Judgment. The failure to properly support an assertion of fact or to address Defendants' assertions of fact may result in the Court granting summary judgment, that is, the dismissal of Plaintiff's Complaint with prejudice. Fed. R. Civ. P. 56(e). This would occur if there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 27) is **DISMISSED** as a motion and construed as a response in opposition to Defendants Davis, Sims, Gordon and Hamrick's Motion for Summary Judgment.

(2) Plaintiff's de facto motion to supplement his response in opposition to Defendants Davis, Sims, Gordon and Hamrick's Motion for Summary Judgment (Doc. No. 28)

is **GRANTED**, and the arguments and exhibits set forth in that motion will be considered in opposition to said Motion for Summary Judgment;

(3) Defendant Early's Motion for Protective Order (Doc. No. 32) is **DENIED without prejudice** to her right to re-file such Motion along with the proper certification; and

(4) Plaintiff has thirty (30) days from the entry of this Order to file his response, including any declarations or affidavits, to Defendants' Motions for Summary Judgment.

The Clerk is directed to send copies of this Order and Notice to the parties, including Dandy D. Sanders, Inmate No. 0357140, Marion Correctional Institution, Post Office Box 2405, Marion, NC 28752.

**SO ORDERED.**

Signed: March 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

Federal Rule of Civil Procedure 56. Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(**b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
**(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> **(1)** give an opportunity to properly support or address the fact;
> **(2)** consider the fact undisputed for purposes of the motion;
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
> **(1)** grant summary judgment for a nonmovant;
> **(2)** grant the motion on grounds not raised by a party; or
> **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.